UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOHNNY RUIZ,

                    Petitioner,

- against -

SUPERINTENDENT J. BURGE,

                    Respondent.
------------------------------------------------------------x

05-CV-10069 (CS)

**MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION AS MODIFIED**

Seibel, J.

    Before the Court are Petitioner Johnny Ruiz' Objections, dated July 13, 2009 (Doc. 22), to the Report and Recommendation ("R&R") of United States Magistrate Judge Paul E. Davison, dated June 25, 2009 (Doc. 21), recommending denial of Petitioner's Amended Petition pursuant to 28 U.S.C. § 2254 (Doc. 3).[1] Familiarity with the prior proceedings, the R&R, and the issues presented is presumed.

I.    Standard of Review

    A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific," "written," and submitted "[w]ithin 10 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2);

---

[1] Respondent Burge has also filed Objections (Doc. 23), addressing statements in footnotes to the R&R. In light of the disposition herein, I need not reach the issues raised by Respondent's Objections.

*accord* 28 U.S.C. § 636(b)(1)(C). A district court must conduct a *de novo* review of those portions of the report or specified proposed findings or recommendations to which timely objections are made. 28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R. Civ. P. 72 advisory committee's note (b). In addition, "[t]o the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008)[2]; *accord Evans v. Ericole*, No. 06-CV-3684, 2008 WL 4861783, at *2 (S.D.N.Y. Nov. 10, 2008) (reviewing report and recommendation for clear error where *pro se* plaintiff made only general objection); *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." (internal quotation marks omitted)).

The objections of parties appearing *pro se* are "generally accorded leniency" and should be construed "to raise the strongest arguments that they suggest." *Milano v. Astrue*, 05-CV-6527,

---

[2] Copies of all unreported opinions cited in this Memorandum Decision and Order will be provided to Petitioner.

2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008) (internal quotation marks omitted). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal quotations marks omitted).

II.   Petitioner's Objections

Petitioner objects to the Judge Davison's conclusions that: 1) the first and second claims in Petitioner's Amended Petition – the alleged erroneous admission of prejudicial hospital security tapes and the alleged erroneous admission of a detective's testimony that Petitioner was not depicted on those tapes – are untimely; and 2) the third and fourth claims in the Amended Petition -- the alleged erroneous exclusion of testimony of Gary Mercer and the alleged insufficiency of the evidence -- were procedurally defaulted.

A.    First and Second Claims

Petitioner does not dispute that the first and second claims – regarding the hospital security tapes and the detective's testimony – are timely only if they "relate back" to his original Petition, (Doc. 1), but argues that Judge Davison erred in concluding they do not. He asserts (Objections at 2) that in paragraph 10 of his original Petition, he set forth -- through incorporated Attachment A -- the grounds for *habeas corpus* relief he intended to raise, and that the first and second claims were referenced therein. Paragraph 10 does not, however, purport to set forth the grounds on which Petitioner sought *habeas* relief. By its terms it sets forth the grounds raised on Petitioner's direct appeal in the New York State courts. In any event, examination of Attachment

A reveals that it does not refer at all to the surveillance tapes or the detective's testimony, but rather sets forth only the claims regarding Mercer's testimony and the sufficiency of the evidence. Attachment B, which is incorporated into paragraph 13 of the original Petition and which does purport to set forth the grounds on which Petitioner sought *habeas* relief, likewise refers only to the same two grounds, and makes no reference to the hospital security tapes or the detective's testimony.

Accordingly, because the claims regarding the tapes and the detective's testimony were not mentioned until the untimely Amended Complaint, and because those claims assert "new ground[s] for relief supported by facts that differ in both time and type from those the original pleading set forth," they do not relate back to the original Petition. *Mayle v. Felix*, 545 U.S. 644, 650 (2005). I therefore, upon my *de novo* review, concur with Judge Davison that the first and second claims in the Amended Petition are time-barred.

B.     Third and Fourth Claims

Judge Davison concluded that the third and fourth claims in the Amended Petition, which were timely because they did relate back to the original Petition, were nevertheless procedurally barred because the Appellate Division, in denying Petitioner's direct appeal, expressly stated that those arguments were unpreserved for review, presenting a procedural default for which the Petitioner had not demonstrated either cause and prejudice (or a fundamental miscarriage of justice). *See Galdamez v. Keane*, 394 F.3d 68, 74, 77 (2d Cir. 2005); *St. Helen v. Senkowski*, 374 F.3d 181, 184 (2d Cir. 2004). Petitioner objects that those issues were in fact preserved for review, and that Judge Davison should have undertaken an independent review of the record in that regard. (Objections at 7-10.)

-4-

With respect to Petitioner's claim as to the sufficiency of the evidence, I have determined from *de novo* review of the trial transcript that his counsel made only a general, perfunctory objection, (Trial Transcript ("Tr.") at 1053), which under state law fails to preserve the issue for appellate review. *See People v. Gray*, 86 N.Y.2d 10, 20-21 (1995); *People v. Miller*, 59 A.D.3d 1124, 1124 (4th Dep't 2009). The state court having relied on an adequate and independent state procedural ground, *habeas* review by this court is precluded. *See Galdamez*, 394 F.3d at 77; *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 810 n.4 (2d Cir. 2000).

With respect to Petitioner's claim as to the exclusion of Mercer's testimony, I have determined from *de novo* review of the trial transcript that one aspect of this claim seems indeed to have been preserved: the allegedly erroneous refusal of the trial judge, following Mercer's invocation of his Fifth Amendment privilege at trial, to permit Petitioner's counsel to offer into evidence Mercer's statement to the police. (Tr. 874.)[3] While the Amended Petition does not make clear the exact nature of Mercer's alleged statement, it appears that Mercer had told the police that he had been told that others -- not Petitioner and his co-defendant -- had committed the robbery with which Petitioner and his co-defendant were charged. (*See* Tr. 57, 874; *see also* Respondent's Memorandum of Law at 32; *id.* Exh. 3 at 4 n.4.)[4] One of those others -- Ahmed

---

[3] Petitioner in the Amended Petition argues that the trial judge should not have permitted Mercer to invoke his privilege against self-incrimination, should have compelled Mercer's testimony by conferring immunity, should have admitted Mercer's statement to the police, and should have forced Mercer to invoke his privilege in front of the jury. (Doc. 3, Attachment B, Point III.) At trial, while counsel for the co-defendant raised the first three points, Petitioner's counsel parted company with the co-defendant's counsel, conceding that Mercer was legally unavailable to testify and seeking only to admit Mercer's out-of-court statement. (Tr. 870-75.)

[4] In Petitioner's *pro se* brief to the Appellate Division, he stated that Mercer told a detective that Daryl Walker, a/k/a "Puff," told Mercer about the robbery, and that Mercer

Muhammed -- testified at trial that he and two others (not Petitioner or his co-defendant) committed the robbery. Petitioner sought admission of Mercer's hearsay-within-hearsay statement under the exception to the hearsay rule for statements against penal interest.[5] *See generally People v. Settles*, 46 N.Y. 2d 154, 167 (1978).

Reaching the merits, I conclude that the statement was properly excluded. Mercer's statement would have been against his penal interest if he had implicated himself in the robbery, but his statement implicating others is classic hearsay. *See United States v. Vargas*, 279 Fed. App'x 56, 61-62 (2d Cir. 2008); *see also United States v. Tropeano*, 252 F.3d 653, 658 (2d Cir. 2001) (statements collateral to statements against declarant's interest lack reliability of statements themselves against declarant's interest).[6] Exclusion of Mercer's testimony via a straightforward application of the reliability-based rules of evidence did not constitute an objectively unreasonable application of clearly established Supreme Court precedent or otherwise deny Petitioner his Sixth Amendment or due process rights. *See United States v. Scheffer*, 523

---

identified Walker, Ahmed Muhammed, a/k/a "Marly," and Robert Jones, a/k/a "Fats," as the participants. (Respondent's Memorandum of Law Exh. 3 at 4 n.4.) At Petitioner's trial, Muhammad testified as a defense witness that he had in fact committed the robbery with Walker and Jones.

[5] I need not reach Respondent's argument that because the substance of this argument was presented to the state courts solely as a question of state evidentiary law, it is unexhausted as a federal constitutional claim. *See Grey v. Hoke*, 933 F.2d 117, 119-20 (2d Cir. 1991).

[6] Assuming, as Petitioner represented to the Appellate Division, that the individual who spoke to Mercer was Walker, the Walker-to-Mercer leg of the hearsay within hearsay would have been admissible to the extent Walker's statements incriminated Walker, although not to the extent they implicated (or exculpated) anyone else. *See Vargas*, 279 Fed. App'x at 61-62. A separate basis for admission of the remainder of Walker's statement, and for the entire Mercer-to-detective leg, would also have been necessary.

U.S. 303, 308 (1998) (rules excluding evidence abridge accused's right to present defense only if "arbitrary or disproportionate to the purposes they are designed to serve") (internal quotation marks omitted); *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) ("[W]e have never questioned the power of States to exclude evidence through the application of evidentiary rules that themselves serve the interests of fairness and reliability -- even if the defendant would prefer to see that evidence admitted."); *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973) (in exercising fundamental right to present defense, accused "must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence"). Where, as here, the proffered testimony was not self-inculpatory and its substance was presented to the jury in any event through the first-hand testimony of another declarant, it cannot be said that Petitioner was denied his opportunity to present a defense or deprived of a fair trial. *Compare Chambers*, 410 U.S. at 302 (exclusion of reliable and squarely self-incriminatory statements of third party who confessed several times to murder with which petitioner charged, combined with refusal to allow cross-examination of that third party, who was available, deprived Petitioner of right to present critical evidence and of fair trial).

With the above modification as to Mercer's testimony, I adopt the R&R as the decision of the Court. The Petition is dismissed with prejudice. As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28

U.S.C. § 2253(c); *Lozada v. United States*, 107 F.3d 1011, 1016-17 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 255, 259-60 (2d Cir. 1997). The Clerk of the Court is respectfully directed to close the case.

**SO ORDERED.**

Dated: January 11, 2009
       White Plains, New York

                                          CATHY SEIBEL, U.S.D.J.